**LUBIN & ENOCH, P.C.**
Nicholas J. Enoch
Arizona Bar No. 016473
Corey Feltre
Arizona Bar No. 034966
Stanley Lubin
Arizona Bar No. 003076
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email: nick@lubinandenoch.com

**ANDERSON ALEXANDER, PLLC**
Austin W. Anderson *(Pro Hac Vice forthcoming)*
Texas Bar No. 24045189
Clif Alexander *(Pro Hac Vice forthcoming)*
Texas Bar No. 24064805
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284
Email: austin@a2xlaw.com
         clif@a2xlaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grace Hall, *et al.*<br>Individually and on<br>behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>Gannett Co. Inc.,<br>An Arizona Corporation,<br><br>                    Defendant. | No._____<br><br><br>COLLECTIVE AND CLASS ACTION<br>COMPLAINT AND DEMAND FOR JURY<br>TRIAL |

Plaintiffs Grace Hall, ("Hall"), Darren Brasher ("Brasher"), and Nicole Love ("Love") (hereinafter "Plaintiffs"), bring this action individually and on behalf of all current and former hourly call-center employees (hereinafter "Plaintiffs and the Putative Class Members") who worked for Gannett Co. Inc. (hereinafter "Defendant" or "Gannett"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201, *et seq.*, the Kentucky Wage and Hour Act, KY. REV. STAT. ANN. § 337.010, and the South Carolina Payment of Wages Act, South Carolina Code Ann. §§ 41-10-10, *et seq.* ("SCPWA" or "South Carolina Act").

Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA while their state law claims are asserted as class actions under Federal Rule of Civil Procedure 23(b)(3) ("Rule 23").

## I.
## OVERVIEW

1.     This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the state laws of Kentucky and South Carolina.

2.     Plaintiffs and the Putative Class Members are those similarly situated persons who have worked for Gannett in call centers at any time during the relevant

statutes of limitation through the final disposition of this matter and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3.     Specifically, Gannett has enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees—Plaintiffs and the Putative Class Members—to perform work off-the-clock and without pay, and to clock out for breaks lasting twenty minutes or less. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017), *cert. denied sub nom. Am. Future Sys., Inc. v. Acosta*, 138 S. Ct. 2621 (2018).

4.     Gannett's illegal company-wide policy has caused Plaintiffs and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5.     Although Plaintiffs and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.      Gannett has knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time periods.

7.     Plaintiffs and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or the state laws of Kentucky or South Carolina.

8.     Plaintiffs and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under their Kentucky and South Carolina state-law claims as class actions pursuant to Rule 23.

9.     Plaintiffs pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10.    Plaintiffs also pray that the Rule 23 classes are certified as defined herein, and that Plaintiff Brasher designated herein be named as Class Representative for the Kentucky Class, and that Plaintiff Love designated herein be named as Class Representative for the South Carolina Class.

## II.
## THE PARTIES

11.    Plaintiff Grace Hall ("Hall") was employed by Gannett in Arizona during the relevant time period. Plaintiff Hall did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

---

[1]  The written consent of Grace Hall is hereby attached as Exhibit "A."

12.    Plaintiff Darren Brasher ("Brasher") was employed by Gannett in Kentucky during the relevant time period. Plaintiff Brasher did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

13.    Plaintiff Nicole Love ("Love") was employed by Gannett in South Carolina during the relevant time period. Plaintiff Love did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[3]

14.    The FLSA Collective Members are those current and former hourly call-center employees who were employed by Gannett at any time from January 22, 2016 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

15.    The Kentucky Class Members are those current and former hourly call-center employees who were employed by Gannett at any time from January 22, 2015 through the final disposition of this matter and have been subjected to the same illegal pay system under which Plaintiff Brasher worked and was paid.

16.    The South Carolina Class Members are those current and former hourly call-center employees who were employed by Gannett at any time from January 22, 2016

---

[2] The written consent of Darren Brasher is hereby attached as Exhibit "B."
[3] The written consent of Nicole Love is hereby attached as Exhibit "C."

through the final disposition of this matter and have been subjected to the same illegal pay system under which Plaintiff Love worked and was paid.

17.    Defendant Gannett Co. Inc. is a Foreign for-profit corporation, licensed to and doing business in Arizona, and can be served with process through its registered agent: CT Corporation System, 3800 N Central Ave Ste 460, Phoenix AZ 85012.

### III.
### JURISDICTION & VENUE

18.    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

19.    This Court has supplemental jurisdiction over the additional state-law claims pursuant to 28 U.S.C. § 1367.

20.    This Court has personal jurisdiction over Gannett because the cause of action arose within this District as a result of Gannett's conduct within this District.

21.    Venue is proper in the District of Arizona because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

22.    Specifically, Gannett has maintained a working presence throughout the State of Arizona (and the United States), and Plaintiff Hall worked in Gilbert, Arizona throughout her employment with Gannett, all of which is located within this District.

23.    Venue is proper in this District pursuant to 28 U.S.C. § 1391.

///

////

///

# IV.
## ADDITIONAL FACTS

24.     Gannett operates call centers throughout the United States and holds itself out as a "next-generation media company that empowers communities to connect, act, and thrive."[4]

25.     Plaintiffs and the Putative Class Members' job duties consisted of answering phone calls made by Gannett's customers, answering customer inquiries, troubleshooting on behalf of customers, and generally assisting customers with matters related to their newspaper subscriptions.

26.     Plaintiff Hall was employed by Gannett in customer service in Gilbert, Arizona from approximately September 2012 until October 2017.

27.     Plaintiff Brasher was employed by Gannett in customer service in Louisville, Kentucky from approximately August 2017 until December 2018.

28.     Plaintiff Love was employed by Gannett in customer service in Greenville, South Carolina from approximately June 2018 until December 2018.

29.     Plaintiffs and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

30.     Plaintiffs and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

---

[4] https://www.gannett.com/who-we-are/

31.    In addition to their forty (40) "on-the-clock" hours, Plaintiffs and the Putative Class Members worked up to two (3) hours "off-the-clock" per week and have not been compensated for that time.

32.    Plaintiffs and the Putative Class Members have not been compensated for all the hours they worked for Gannett as a result of Gannett's corporate policy and practice of requiring its hourly call-center employees to clock-in only when ready to take their first call.

33.    Specifically, Plaintiffs and the Putative Class Members were required to start and log-in to their computer, open multiple different Gannett computer programs, log in to each Gannett program, and ensure that each Gannett program is running correctly—all of which can take up to fifteen minutes—before they are able to take their first phone call, which comes in as soon as their official shift starts.

34.    During this start up time, Plaintiffs and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

35.    As such, Gannett required (and continues to require) Plaintiffs and the Putative Class Members to perform these start up tasks "off-the-clock" (and without pay) before their official shift begins.

36.    In addition, Gannett also enforced a uniform company-wide policy wherein it improperly required its non-exempt hourly employees—Plaintiffs and the Putative Class Members—to clock out for rest breaks lasting twenty minutes or less. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor*, 873 F.3d at 425.

37.     Gannett permitted Plaintiffs and the Putative Class Members to take two fifteen-minute breaks each day but required them to clock out for each break.

38.     As a result of Gannett's corporate policy and practice of requiring Plaintiffs and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, and requiring Plaintiffs and the Putative Class Members to clock out for short breaks, Plaintiffs and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

39.     Gannett has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiffs.

40.     Gannett is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but has failed to do so.

41.     Because Gannett did not pay Plaintiffs and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, Gannett's pay policies and practices violate the FLSA.

42.     Because Gannett did not pay Plaintiffs and the Putative Class Members for all hours they worked on behalf of Gannett, Gannett's pay policies and practices also violate Kentucky and South Carolina state law.

///

///

///

9

# V.
## CAUSES OF ACTION

## COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.    FLSA COVERAGE**

43.    Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

44.    The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY GANNETT CO. INC., AT ANY TIME FROM JANUARY 22, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

45.    At all times hereinafter mentioned, Gannett has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

46.    At all times hereinafter mentioned, Gannett has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

47.    At all times hereinafter mentioned, Gannett has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an

annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

48. During the respective periods of Plaintiffs' and the FLSA Collective Members' employment by Gannett, these individuals have provided services for Gannett that involved interstate commerce for purposes of the FLSA.

49. In performing the operations hereinabove described, Plaintiffs and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

50. Specifically, Plaintiffs and the FLSA Collective Members are non-exempt hourly call-center employees of Gannett who assisted Gannett's customers who live throughout the United States. 29 U.S.C. § 203(j).

51. At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

52. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 44.

53. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Gannett.

///

**B.      FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

54.      Gannett has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

55.      Moreover, Gannett knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

56.      Gannett is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

57.      Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Gannett to pay them according to the law.

58.      The decisions and practices by Gannett to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

59.      Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     COLLECTIVE ACTION ALLEGATIONS

60.     All previous paragraphs are incorporated as though fully set forth herein.

61.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Gannett's employees who have been similarly situated to Plaintiffs with regard to the work they performed and the manner in which they have not been paid.

62.     Other similarly situated employees of Gannett have been victimized by Gannett's patterns, practices, and policies, which are in willful violation of the FLSA.

63.     The FLSA Collective Members are defined in Paragraph 44.

64.     Gannett's failure to pay Plaintiffs and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Gannett, and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

65.     Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

66.     The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

67.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

68.    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

69.    Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Gannett will retain the proceeds of its rampant violations.

70.    Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

71.    Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 44 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the Kentucky Wage Laws)

**A.    VIOLATIONS OF KENTUCKY LAW**

72.    Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

73.    The Kentucky Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY GANNETT CO. INC. IN THE STATE OF KENTUCKY, AT ANY TIME FROM JANUARY 22, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Kentucky Class" or "Kentucky Class Members").**

74.     At all times hereinafter mentioned, Gannett has been an employer within the meaning of the Kentucky Wage Laws, KY. REV. STAT. ANN. §337.015 *et seq.* (collectively "Kentucky Statutes").

75.     At all times hereinafter mentioned, Plaintiff Brasher and the Kentucky Class Members have been employees within the meaning of Kentucky Statutes. *See* KY. REV. STAT. ANN. §337.015, *et seq.*

76.     Plaintiff Brasher and the Kentucky Class Members were or have been employed by Gannett since January 22, 2015, and have been covered employees entitled to the protections of the Kentucky Statutes.

77.     The employer, Gannett, is not exempt from paying overtime benefits under the Kentucky Statues.

**B.     FAILURE TO PAY WAGES AND OVERTIME IN ACCORDANCE WITH THE KENTUCKY STATUTES**

78.     The Kentucky Statutes, KY. REV. STAT. ANN § 337.020, require employers to pay their employees' wages as often as semimonthly, for wages earned not more than eighteen (18) days prior to the date of that payment.

79.     Though the Kentucky Statutes do not define "wages" courts look to the closely related Wage Claims Statute which defines wages as "all amounts at which the labor or service rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or in any other method of calculating such amount."

80. Plaintiff Brasher and the Kentucky Class Members seek to recover their unpaid wages that are owed to them as a result of Gannett's company-wide policy of causing them to perform work off the clock.

81. Plaintiff Brasher and the Kentucky Class Members have suffered damages and continue to suffer damages as a result of Gannett's acts or omissions as described herein; Gannett is in possession and control of necessary documents and information from which Plaintiff Brasher and the Kentucky Class Members would be able to precisely calculate damages.

82. Plaintiff Brasher, on behalf of himself and the Kentucky Class Members, seeks recovery of the unpaid wages earned and due, interest, attorneys' fees, and costs.

83. In violating the Kentucky Statute, Gannett acted willfully, without a good faith basis, and with reckless disregard of applicable Kentucky law.

84. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Kentucky Statute, is defined in Paragraph 73.

85. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Gannett.

## C.    KENTUCKY CLASS ALLEGATIONS

86. Plaintiff Brasher brings his Kentucky claims pursuant to Kentucky Statutes as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by Gannett to work in Kentucky since January 22, 2015.

87.     Class action treatment of Plaintiff Brasher's and the Kentucky Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

88.     The number of Kentucky Class Members is so numerous that joinder of all class members is impracticable.

89.     Plaintiff Brasher is a member of the Kentucky Class, his claims are typical of the claims of other Kentucky Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

90.     Plaintiff Brasher and his counsel will fairly and adequately represent the Kentucky Class Members and their interests.

91.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

92.     Accordingly, the Kentucky Class should be certified as defined in Paragraph 73.

## COUNT THREE
**(Class Action Alleging Violations of the South Carolina Act)**

A.     **SOUTH CAROLINA ACT COVERAGE**

93.     Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

94.     The South Carolina Act Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY GANNETT CO. INC. IN SOUTH CAROLINA, AT ANY TIME FROM JANUARY 22, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("South Carolina Class" or "South Carolina Class Members").**

95.     At all times hereinafter mentioned, Gannett has been an employer within the meaning of the South Carolina Act, S.C. CODE ANN. § 41-10-10.

96.     At all times hereinafter mentioned, Plaintiff Love and the South Carolina Class Members have been employees within the meaning of the South Carolina Act, S.C. CODE ANN. § 42-1-130.

**B.     FAILURE TO PAY WAGES AND OVERTIME IN ACCORDANCE WITH THE SOUTH CAROLINA ACT**

97.     Gannett owes Plaintiff Love and the South Carolina Class Members wages, as defined in section 41-10-10 of the Act, to compensate them for labor and services they provided to Gannett in the furtherance of their job duties. *See* S.C. CODE ANN. § 41-10-10.

98.     Plaintiff Love and other South Carolina Class Members are not exempt from receiving overtime benefits under the South Carolina Act.

99.     Plaintiff Love and the South Carolina Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Gannett violated the South Carolina Act by failing to pay Plaintiff Love and the South Carolina Class Members for all of the hours they worked on its behalf, and for failing to pay the correct amount of overtime for all hours worked over forty (40) per week. *See* S.C. CODE ANN. §§ 41-10-10, 41-10-40.

100.   Plaintiff Love and the South Carolina Class Members have suffered damages and continue to suffer damages as a result of Gannett's acts or omissions as described herein; Gannett is in possession and control of necessary documents and information from which Plaintiff Love would be able to precisely calculate damages.

101.   The South Carolina Act provides that Plaintiff Love and the South Carolina Class Members are entitled to recover treble the amount of the unpaid wages. *See* S.C. CODE ANN. § 41-10-80.

102.   In violating the South Carolina Act, Gannett acted willfully, without a good faith basis and with reckless disregard of clearly applicable South Carolina law.

103.   The proposed class of employees, i.e. South Carolina class members sought to be certified pursuant to the South Carolina Act, is defined in Paragraph 94.

104.   The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Gannett.

## C.   SOUTH CAROLINA ACT CLASS ALLEGATIONS

105.   Plaintiff Love brings her South Carolina Act claims as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by Gannett to work in South Carolina since January 22, 2016.

106.   Class action treatment of Plaintiff Love's South Carolina Act claim is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

107.   The number of South Carolina Class Members is so numerous that joinder of all class members is impracticable.

108.   Plaintiff Love is a member of the South Carolina Class, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

109.   Plaintiff Love and her counsel will fairly and adequately represent the class members and their interests.

110.   Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

111.   Accordingly, the South Carolina Class should be certified as defined in Paragraph 94.

**VI.**
**RELIEF SOUGHT**

112.   Plaintiffs respectfully pray for judgment against Gannett as follows:

a.   For an Order certifying the FLSA Collective as defined in Paragraph 44 and requiring Gannett to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.   For an Order certifying the Kentucky Class as defined in Paragraph 73 and designating Plaintiff Brasher as the Class Representative of the Kentucky Class;

c.   For an Order certifying the South Carolina Class as defined in Paragraph 94 and designating Plaintiff Love as the Class Representative of the South Carolina Class;

d.      For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

e.      For an Order pursuant to Section 16(b) of the FLSA finding Gannett liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit)

f.      For an Order pursuant to Kentucky law awarding Plaintiff Brasher and the Kentucky Class Members unpaid wages and other damages allowed by law;

g.      For an Order pursuant to South Carolina law awarding Plaintiff Love and the South Carolina Class Members unpaid wages and other damages allowed by law;

h.      For an Order awarding the costs and expenses of this action;

i.      For an Order awarding attorneys' fees;

j.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

k.      For an Order awarding Plaintiffs service awards as permitted by law;

l.      For an Order compelling the accounting of the books and records of Gannett, at Gannett's expense; and

m.      For an Order granting such other and further relief as may be necessary and appropriate.

DATED this 22nd day of January, 2019.

                              LUBIN & ENOCH, P.C.
                              ANDERSON ALEXANDER, PLLC

                              By: /s/ Nicholas J. Enoch
                              Nicholas J. Enoch

                              Attorneys for Plaintiffs and the Putative Class
                              Members

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury on all questions raised by the foregoing complaint.

DATED this 22nd day of January, 2019.

                              LUBIN & ENOCH, P.C.
                              ANDERSON ALEXANDER, PLLC

                              By: /s/ *Nicholas J. Enoch*
                              Nicholas J. Enoch

                              Attorney for Plaintiffs and the Putative Class
                              Members

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of January, 2019, I electronically transmitted the attached Complaint and Jury Demand to the Clerk's Office using the ECF System for filing.

/s/ *Cristina Gallardo-Sanidad*